IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CALHOUN | : | CIVIL ACTION |
| v. | : | |
| LAWRENCE F. MURRAY, et al. | : | NO. 08-0458 |

**M E M O R A N D U M**

**BUCKWALTER, J.**                                    MARCH          , 2008

Plaintiff, an inmate, has filed a pro se 42 U.S.C. § 1983 civil rights action against the Secretary of the Pennsylvania Board of Probation and Parole, two assistant United States Attorneys and the United States Marshals Service.  He is alleging that he was falsely imprisoned.  In his prayer for relief, he is requesting money damages.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis.  As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted.  For the reasons which follow, this complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), without prejudice to plaintiff's right to file an amended complaint as set forth in this memorandum.

**I.   DISCUSSION**

   **A.   Claims against Lawrence F. Murray, Secretary of
         the Pennsylvania Board of Probation and Parole**

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights.  West v. Atkins, 487 U.S. 42 (1988).  Because there are no allegations in the

complaint that would allow this Court to find that the Secretary of the Pennsylvania Board of Probation and Parole violated plaintiff's constitutional rights, the claims against him will be dismissed.

### B. Claims against Assistant United States Attorneys Kenya Mann and Joel Goldstein

The Supreme Court has held that prosecutors enjoy absolute immunity from liability for money damages under § 1983 for any actions taken within the scope of their duties as prosecutors. Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  There is nothing in this complaint that suggests that Assistant United States Attorneys Kenya Mann and Joel Goldstein acted outside the scope of their prosecutorial duties.  Therefore, the claims against them will be dismissed.

### C. Claims against the United States Marshals Service

Sovereign immunity bars lawsuits against the United States unless Congress has specifically waived that immunity. United States v. Mitchell, 445 U.S. 535 (1980); United v. Testan, 424 U.S. 392 (1976).  Neither the Constitution nor 28 U.S.C. § 1331 acts as such a waiver.  Jaffee v. United States, 592 F.2d 712 (3d Cir.), cert. denied, 441 U.S. 961 (1979). Therefore, the United States Marshal Service, as an agency of the United States Government, is entitled to sovereign immunity.

**II.   CONCLUSION**

The claims against the defendants named in this civil action are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  However, plaintiff may reinstate this action by filing an amended complaint in which he identifies the individuals who allegedly violated his constitutional rights and describes how each defendant was involved in such violations.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID CALHOUN** | : | **CIVIL ACTION** |
| **v.** | : | |
| **LAWRENCE F. MURRAY, et al.** | : | **NO. 08-0458** |

**O R D E R**

AND NOW, this         day of March, 2008, having considered plaintiff's complaint and motion to proceed in forma pauperis, IT IS HEREBY ORDERED that:

1. Leave to proceed in forma pauperis is GRANTED;

2. This complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), with leave to file an amended complaint within thirty (30) days from the date of this order, as set forth in the accompanying memorandum; and

3. The Clerk shall not issue summons unless so ordered by the Court.

**BY THE COURT:**


 /S/ RONALD L. BUCKWALTER, J.