IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CALHOUN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENYA MANN, JOEL GOLDSTEIN, and CYNTHIA DAUB, | : | NO.  08-0458 |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                   January 22, 2009

       Presently before this Court is Plaintiff's Motion for Reconsideration as well as the Response of Defendants Kenya Mann and Joel Goldstein.  For the reasons discussed below, Plaintiff's Motion for Reconsideration is denied in part.[1]

**I.  LEGAL STANDARD**

       Local Rule 7.1(g) permits motions for reconsideration.  E.D. PA CIV. P. 7.1(g). Such motions are analogous to those brought under Federal Rule of Civil Procedure 59(e) whose purpose is to correct "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see Kennedy Indus. v. Aparo, Civ. A. No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. Jul. 6, 2006).

---

1.  This Court previously summarized the procedural history of this case in its December 18, 2008, Memorandum. We incorporate it by reference here.

Given a court's interest in the finality of it judgments, "[m]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005).  Reconsideration is not permitted simply to allow a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  Litigants who fail in their "first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one . . . . [or] to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Kennedy Indus., 2006 WL 1892685, at *1 (quotation omitted); see also Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990) (it is not appropriate to relitigate issues already decided by a court on a motion for reconsideration).

The Third Circuit has stated that the party seeking reconsideration must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

## II. DISCUSSION

### A. **Motion for Reconsideration**

Plaintiff's Motion for Reconsideration presents two arguments: (1) this Court should have granted him leave to amend in lieu of dismissing his claim; and (2) the Motions to Dismiss should have been treated as Motions for Summary Judgment.

### 1.     **Plaintiff Should Not Be Granted Leave to Amend**

In his Response to the AUSA Motion to Dismiss, Plaintiff requested that "[i]f this Court finds that there does not exist sufficient specificity for a cognizable claim of conspiracy Plaintiff requests leave to amend the complaint on the grounds that his *pro se* status and absence of any formal legal education in law has prevented him from formulating the allegations properly on the first attempt." (Pl.'s Mot. for Recons. ¶ 1 (citing Pl.'s Resp. to Mot. To Dismiss, Calhoun v. Daub, 08-458, Doc. No. 21, p. 20.))  Plaintiff asserts that this Court should have construed this statement as a request for "Motion for Leave to Amend the Complaint in Order to allow greater specificity of the allegations."  (Id. at ¶ 2.)  In his Motion, Plaintiff seeks this Court's reconsideration of its "December 18th Order by allowing Plaintiff leave to amend his complaint and allowing a refiling of Plaintiff's Motion for Extension of Time." (Id. at 2.)

This Court has provided Plaintiff with considerable latitude: granting him leave to file an Amended Complaint, and providing him with additional time to respond to the AUSA Motion to Dismiss (Docs. No. 10, 19).  Granting Plaintiff's present Motion would permit an unwarranted "second bite at the apple."  Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  Plaintiff provides no new evidence, or intervening changes in the controlling law.  Regarding Defendants Mann and Goldstein, Plaintiff provides no new facts. See Jackson v. Rohm & Haas Co., Civ. A. No. 06-1540, 2007 WL 579662, *2 (3d Cir. Feb. 26, 2007) (granting motions for reconsideration only to "correct manifest errors of law or fact or to present newly discovered evidence") (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  As it pertains to Defendants Mann and Goldstein, Plaintiff's Motion for Reconsideration is denied.

Regarding Defendant Daub, Plaintiff present new facts justifying further consideration of his Motion. Based on the court docket, this Court previously determined that Plaintiff did not timely respond to the Parole Board Motion to Dismiss. But Plaintiff now asserts that his court filing was lost in the mail and provides an affidavit stating that he "timely filed a Motion for Expansion of Time to File Response to Defendant Cynthia Daub's Motion to Dismiss." (Mot. to Recons., Ex 5.) He also attached, as an exhibit, an October 16, 2008 letter written by Toby D. Slawsky, Circuit Executive for the Third Circuit, addressed to Plaintiff stating that "an investigation of your complaint revealed a problem with the mail intake process for the Courthouse and the Clerk's Office." (Id. at Ex. 6.) His Motion for Reconsideration includes, as an exhibit, his Motion for Extension of Time. (Id. at Ex. 5.)

This Court granted Plaintiff's prior Motion for Extension of Time so that he could respond to the AUSA Motion to Dismiss. Despite this Court's dismissal of Defendant Daub, it is appropriate—due to Plaintiff's prior problems with this Court's mail system as well as the averments in his affidavit—to grant his Motion for Extension of Time[2] while holding his Motion for Reconsideration in abeyance.

### 2. Reference to Materials Outside the Pleadings Does not Warrant Rule 56 Analysis

Plaintiff also argues that reconsideration is warranted as "this Court has referenced material outside of the pleadings" and, as a result, Defendants' Motions to Dismiss should have been treated as Motions for Summary Judgment. (Id. at ¶ 3.) "Federal Rule of Civil Procedure 12(b) provides that if, on a motion to dismiss under Rule 12(b)(6), matters outside the

---

2. (Id. at Ex. 5.)

pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Coursey v. City of Camden, Civ. A. No. 05-2820, 2008 WL 5272027, at *3 (D. N.J. Dec. 15, 2008) (quoting In re Rockefeller Center Props., Inc. Sec. Litig., 184 F.3d 280, 287-88 (3d Cir. 1999)). District courts possess discretion to convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. Kulwicki v. Dawson, 969 F.2d 1454, 1463 n.11 (3rd Cir. 1991). But a court may consider documents "integral to or explicitly relied upon in the complaint" without converting a motion to dismiss into a motion for summary judgment. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).

### a.   **Correspondence Between Plaintiff and His Counsel**

In granting the Motions to Dismiss, this Court referenced a letter sent to Plaintiff by his former counsel as the letter was directly quoted in Plaintiff's Amended Complaint. (Am. Compl. 3.) Plaintiff also provided the entire letter, as an exhibit, attached to his Response to the AUSA Motion to Dismiss. (Pl.'s Resp. To AUSA Mot. to Dismiss, Ex. 4.) Thus, when granting the AUSA Motion to Dismiss this Court noted that:

> Plaintiff avers that AUSA Mann assured Ms. Bowright "that plaintiff was held by legal authority, but would not say how." (Am. Compl. 3.) However, Plaintiff later notes that his counsel told him that he "was being held by Penn. Parole board detainer." (Id.) Plaintiff's only allegations are that (1) Defendant Mann spoke with Ms. Bowright telling her that Plaintiff was legally detained and (2) that she, along with Defendant Goldstein, "were responsible for administrative functions of determining the termination of the writ responsible and providing a hearing for plaintiff to revoke bail in order to detain him." (Id. at 4.) Plaintiff provides no evidence of misconduct by Defendants Mann and Goldstein. In fact, Plaintiff has not

> shown that either Defendant played a role in the decision to detain Plaintiff after his state sentence expired on February 23, 2006. In fact, Plaintiff's own counsel stated that the federal government (and thus its employees Defendants Mann and Goldstein) played no role in his continued detention.
>
> A series of conclusory allegations does not meet the pleading standards of Rule 8 or survive a motion to dismiss under Rule 12(b)(6). Twombly, 550 U.S. 544, ---- ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Plaintiff has alleged no facts supporting his conclusion that Defendants' actions violated any constitutional rights and for this reason his claims against Defendants Mann and Goldstein must be dismissed.

Calhoun v. Mann, Civ. A. No. 08-458, 2008 WL 5273613, at *7 (E.D. Pa. Dec. 18,2008). This Court's Memorandum cited Plaintiff's correspondence in greater detail, but only to provide context for the quote referenced in the Amended Complaint.

Converting a motion to dismiss into a summary-judgment motion is undertaken to "afford the plaintiff an opportunity to respond" to extraneous documents provided by defendant(s). Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). But when a complaint relies on document(s) provided by the plaintiff, "the plaintiff obviously is on notice . . . and the need for a chance to refute evidence is greatly diminished." Id. at 1197. Accordingly, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion into one for summary judgment." In

re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).

Plaintiff's Amended Complaint explicitly relies upon the letter written by his former counsel. Most importantly, as the document in question is Plaintiff's (the reason for converting a motion to dismiss—to permit Plaintiff to respond to the documents presented), he need not be afforded an additional opportunity to respond to it.

### b. Citation to the Court Docket

The Court's Memorandum extensively references the court docket, but these references do not justify conversion. Motions to dismiss may consider facts warranting judicial notice even if those facts were not referenced in the pleadings. See Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (stating that a Rule 12(b)(6) motion may only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice). Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). This court may take judicial notice of the court docket as it relates to Plaintiff's court appearances in the Eastern District of Pennsylvania.

Contrary to Plaintiff's assertion, conversion of Defendants' Motions to Dismiss into summary-judgment motions is unwarranted.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CALHOUN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENYA MANN, JOEL GOLDSTEIN, and CYNTHIA DAUB, | : | NO. 08-0458 |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 22nd day of January, 2009, upon consideration of the Plaintiff's Motion for Reconsideration, (Doc No. 30) and the Response of Defendants Mann and Goldstein (Doc. No. 33) it is hereby **ORDERED** that:

(1) As it pertains to Defendants Mann and Goldstein, Plaintiff's Motion for Reconsideration, is **DENIED**.

(2) Regarding Defendant Daub, Plaintiff's Motion for Reconsideration is **HELD IN ABEYANCE**. On or before February 23, 2009, Plaintiff shall provide this Court with his Response to Defendant Daub's Motion to Dismiss. Consistent with the local rules, Defendant Daub may reply to Defendant. At that time, this Court will reexamine the merits of Plaintiff's Motion for Reconsideration as it pertains to Defendant Daub.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.