

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CALHOUN | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| KENYA MANN, JOEL GOLDSTEIN, and CYNTHIA DAUB, | : | NO. 08-458 |
| Defendants. | : | |

FILED
MAR 26 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

BUCKWALTER, S. J.                                                                 March 25, 2009

Presently before this Court is Plaintiff's Motion to Amend Complaint (Docket No. 41), as well as the Response of Defendants Kenya Mann and Joel Goldstein. For the reasons discussed below, Plaintiff's Motion to Amend is denied.[1]

## I. PROCEDURAL BACKGROUND

In brief, Plaintiff was convicted by a jury, and sentenced to twenty years in prison and ten years of supervised release. U.S. v. Calhoun, 276 Fed. Appx. 114, 115 (3d Cir. 2008). Plaintiff filed suit in Federal and Commonwealth Court, but rather than challenging his conviction, these suits seek punitive and compensatory damages in excess of $75,000 due to his allegedly illegal detention at the Federal Detention Center (FDC), Philadelphia.[2] (Am. Compl.

---

1. This Court previously summarized the procedural history of this case in its December 18, 2008 Memorandum. We incorporate it by reference here.

2. The chief differences between the Federal and Commonwealth Actions are that: (1) the Commonwealth Action did not allege conspiracy (Fed. Def.'s Mot. Removal, Ex. A, Praecipe ¶ 5), and (2) the Federal Action detailed the legal basis for its claims. (Am. Compl. 4). The Commonwealth Action does not.

4.) Plaintiff claims that he should have been released on February 23, 2006, as his state sentence expired at that time, and because he had posted bail. (Am. Compl. 3-4.) Instead, he remained at the FDC Philadelphia without hearing or explanation.

Defendants Mann and Goldstein filed a Motion to Dismiss, which this Court granted. Mr. Calhoun sought reconsideration, which this Court denied as it pertained to Defendants Mann and Goldstein.

Mr. Calhoun now seeks this Court's permission to amend his Amended Complaint. This is the third time that he has sought to amend. Previously, this Court granted Mr. Calhoun permission to amend his Complaint. He filed a second Motion to Amend which sought to add the United States as a Defendant. (Doc. No. 14.) The Motion was denied as "futile" due to the United States' immunity from suit. (Doc. No. 16.)

## II. LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading once as a matter of course before a responsive pleading is served. FED. R. CIV. P. 15(a)(1). A motion to dismiss is a responsive pleading. After a responsive pleading is served, a complaint may only be amended with the consent of the adverse party or by leave of the court. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2).

The decision to grant a motion to amend falls within the sound discretion of the court. Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15 clearly embodies a liberal approach to the allowance of amendments. It requires the court to grant leave to amend where there is no prejudice or delay. Charpentier v. Godsil, 937 F.3d 859, 864 (3d Cir. 1991). Rule 15 promotes

a policy of favoring decisions on the merits. Leave to amend may be denied where "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Frazer v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116-17 (3d Cir. 2003).

Plaintiff asserts that justice requires that he be provided leave to amend to include new claims against Defendants Mann and Goldstein including a claim of kidnaping, 18 U.S.C. § 1201, and domestic terrorism, 18 U.S.C. § 2331. (Pl.'s Mot. to Amend, Ex. 1, Second Amended Mot.) This Court denies Plaintiff's Motion to Amend. Before trial, leave to amend may be freely given, but Plaintiff asserts that Leave to Amend should be given even though this Court has dismissed Defendants Mann and Goldstein due to their qualified immunity from suit. Given this immunity, any new claims against them would be futile, and would prejudice both Defendants—requiring them to defend such claims, despite their futility.

Further, the new statutory claims raised by Plaintiff: (1) kidnaping, 18 U.S.C. § 1201; (2) domestic terrorism, 18 U.S.C. § 2331; and (3) penalties under 18 U.S.C. § 2332b(a)(1)(A), are criminal statutes. These statutes do not provide a private cause of action, as private individuals may not file a criminal complaint. Barr v. Camelot Forest Conserv. Assoc., 153 Fed. Appx. 860, 862 (3d Cir. 2005) (dismissing federal criminal statute claims because there is no civil remedy for such claims).

For the reasons discussed above, Plaintiff's Motion to Amend is denied. An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CALHOUN, <br><br> Plaintiff, <br><br> v. <br><br> KENYA MANN, JOEL GOLDSTEIN, and CYNTHIA DAUB, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 08-458 |

**ORDER**

FILED
MAR 26 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**AND NOW**, this 25th day of March, 2009, upon consideration of Plaintiff's Motion to Amend Complaint and the response filed thereto, it is hereby **ORDERED** that said Motion (Docket No. 41) is **DENIED**.

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.

mailed
+
emailed
3-26-09
D. Calhoun
A. Robinson  P.P.
C. Fullmer