IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CALHOUN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KENYA MANN, JOEL GOLDSTEIN, and CYNTHIA DAUB,<br><br>　　　　Defendants. | CIVIL ACTION<br><br>NO. 08-458 |

### MEMORANDUM

BUCKWALTER, S. J.                                                                                          May 12, 2009

Presently before this Court is Plaintiff's Motion for Reconsideration as well as the Response of Defendants Kenya Mann and Joel Goldstein. For the reasons discussed below, Plaintiff's Motion for Reconsideration is denied.[1]

## I.   LEGAL STANDARD

Local Rule 7.1(g) permits motions for reconsideration. E.D. PA CIV. P. 7.1(g). Such motions are analogous to those brought under Federal Rule of Civil Procedure 59(e) whose purpose is to correct "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see Kennedy Indus. v. Aparo, Civ. A. No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. Jul. 6, 2006).

Given a court's interest in the finality of its judgments, "[m]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been

---

[1] This Court previously summarized the procedural history of this case in its December 18, 2008, Memorandum. We incorporate it by reference here.

briefed by the parties and considered and decided by the Court." Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005). Reconsideration is not permitted simply to allow a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). Litigants who fail in their "first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one . . . . [or] to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Kennedy Indus., 2006 WL 1892685, at *1 (quotation omitted); see also Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990) (it is not appropriate to relitigate issues already decided by a court on a motion for reconsideration).

The Third Circuit has stated that the party seeking reconsideration must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

### III. DISCUSSION

#### A. **Motion for Reconsideration**

Mr. Calhoun's Motion for Reconsideration requests that this Court reconsider its decision to deny him leave to amend his Complaint. He seeks to amend so that he can resolve "the vagueness of the claims against Defendant Daub." (Pl.'s Mot. Recons. 1.) As noted previously, this Court has provided Plaintiff with considerable latitude: granting him leave to file an Amended Complaint, and providing him with additional time to respond to the AUSA Motion to Dismiss. (Docs. No. 10, 19). Plaintiff provides no new evidence, or intervening changes in the

2

controlling law. Regarding Defendants Mann and Goldstein, Plaintiff provides no new facts. See Jackson v. Rohm & Haas Co., Civ. A. No. 06-1540, 2007 WL 579662, at *2 (3d Cir. Feb. 26, 2007) (granting motions for reconsideration only to "correct manifest errors of law or fact or to present newly discovered evidence") (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). As it pertains to Defendants Mann and Goldstein, Plaintiff's Motion for Reconsideration is denied.

     An appropriate order follows.